**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isabel Almendarez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-08281-PCT-DLR<br><br>**ORDER** |

　　　　At issue is the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Isabel Almendarez's Application for Social Security Disability Insurance ("SSDI") benefits under the Social Security Act (the "Act"). Plaintiff filed a complaint with this Court on October 29, 2020, seeking review of the denial benefits. (Doc. 1.) Defendant Commissioner filed an Answer. (Doc. 15.) The Court now addresses Plaintiff's Opening Brief (Doc. 17), Defendant's Response (Doc. 22), and Plaintiff's Reply (Doc. 25). The Court has reviewed the briefs and the administrative record (Doc. 16, Administrative Record "AR") and affirms the decision of the Administrative Law Judge ("ALJ").

**I. Background**

　　　　Plaintiff applied for SSDI benefits on November 14, 2017 alleging disability as of October 10, 2017. (AR. at 164.) The state agency denied Plaintiff's claim on March 5, 2018 (AR. at 91), and again on July 12, 2018 (AR. at 99). Plaintiff appeared before the

ALJ in February 2020 (AR. at 33), and the ALJ denied Plaintiff's claim later that month. (AR. at 26.) Plaintiff appealed (AR. at 161), but Defendant's Appeals Council declined to review the ALJ's decision on September 22, 2020 (AR. at 1).

**II. Standard**

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). Whether the Commissioner's decision is supported by substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the analysis proceeds. At step four, the ALJ assesses the

claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis**

Plaintiff argues that the ALJ inadequately evaluated (1) an opinion from a nurse practitioner and (2) a statement from Plaintiff's sister.

First, the opinion of the nurse practitioner. Before awarding or denying SSI benefits, the ALJ must "articulate in [her] determination or decision how persuasive [it] finds all of the medical opinions and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c(b)(1). Persuasiveness turns primarily on whether a medical opinion is supported and consistent. 20 C.F.R. § 404.1520c(b)(2). The ALJ need not consider other factors, such as a medical source's relationship with a claimant, unless the ALJ finds that two or more medical opinions about the same issue are equally well-supported. 20 C.F.R. § 404.1520c(b)(3). These considerations apply equally to findings by the state agency medical and psychological consultants who review claims at the initial and reconsideration levels of the administrative process. 20 C.F.R. § 404.1513a(b)(1); *see also* 20 C.F.R. § 404.1513(a)(5).

The ALJ found the nurse practitioner's opinion unpersuasive because it was unsupported by her own notes and inconsistent with other evidence in the medical record. For instance, the ALJ highlighted the nurse practitioner's note that Plaintiff "experienced two to three seizures a month when using her medication" even though her notes also recorded her as seizure free for several months. (AR. at 23, 483.) And, the opinion appeared unsupported by Plaintiff's self-report. The ALJ highlighted one of those statements as inconsistent: Plaintiff reported that she had not been seen by a neurologist for her seizures for a period of three years, although the medical record shows that she was

indeed seen by a neurologist about a year before. (AR. at 23; *compare* AR. at 369 *with* AR. at 438-43.)

Plaintiff emphasizes the relationship between the nurse practitioner and Plaintiff. But, under the new regulations, the ALJ did not need to consider that relationship in determining the persuasiveness of the nurse practitioner's opinion. 20 C.F.R. § 404.1520c(b)(2). Because substantial evidence supports finding the nurse practitioner's opinion unpersuasive, there was no error.

Second, the nonmedical opinion of Plaintiff's sister. The new regulations do not specify what factors the ALJ must consider when evaluating nonmedical opinions. *See* 20 C.F.R. § 404.1520c(d) (noting that ALJs need not evaluate nonmedical opinions using the same factors outlined for medical opinions). To the extent that caselaw addressing an ALJ's obligation to consider nonmedical opinion is consistent with the new regulations, the ALJ adequately considered the opinion of Plaintiff's sister. First, the ALJ noted that Plaintiff's sister is not medically trained in taking precise measurements and making precise observations. The ALJ did not discount Plaintiff's sister's opinion merely because she was family, as Plaintiff argues. (Doc. 17 at 10.) The ALJ then noted that her opinion conflicted with the record medical evidence. This is a germane reason, given that the new regulations do not require any specific showing when determining the persuasiveness of a nonmedical opinion. At any rate, Plaintiff's sister's opinion does conflict with the record evidence. For instance, exams showed that Plaintiff has normal muscle strength, normal muscle tone, and a normal gait. Yet Plaintiff's sister opined that Plaintiff could only walk for 5 minutes at a time. Substantial evidence supports the ALJ's finding that Plaintiff's sister's opinion was not persuasive.

**IV. Conclusion**

The ALJ appropriately articulated reasons for discounting the nurse practitioner's opinion and Plaintiff's sister's opinion. Therefore,

/ / /

/ / /

**IT IS ORDERED** that the decision of the ALJ is **AFFIRMED**.  The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 30th day of March, 2022.

Douglas L. Rayes
United States District Judge